IN THE UNITED STATES DISTRICT
EASTERN DISTRITC OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>v. )<br> )<br>KIANA MCKELVIN )<br>    Defendant. )<br>_____) | Docket No:    1:12CR038<br><br>Sentence Date: August 3, 2012 |

**DEFENDANT'S AMENDED POSITION WITH RESPECT TO
SENTENCING FACTS AND FACTORS**

The defendant, Kiana McKelvin ("Ms. McKelvin"), through undersigned counsel submits that she has reviewed the Presentence Investigation Report ("PSR"), and pursuant to 18 U.S.C. § 3553(a) and §6A1.3, of the Federal Sentencing Guidelines, presents her Position With Respect to Sentencing and additional factors to assist the court in making a reasonable determination in regards to sentencing.

**I. Disputed Factors**

According to §6A1.3 of the Federal Sentencing Guidelines, if "any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." In the current case, the five-point enhancement under § 2G1.1(d)(1) is not appropriate. According to the PSR, Ms. McKelvin received a five-point level increase because multiple counts involving more than one victim are not to be grouped together. However, she should not receive this enhancement, because Ms. McKelvin is also a victim in the underlying conspiracy. Ms. McKelvin initially joined Class DC Escorts ("Classy") as an

1

escort, because she was struggling financially. (PSR, 28: 79). However, she did not meet Gerald's expectations, and "ended up owing Gerald money." *Id*. It is not appropriate to apply a five-point enhancement for victims when the defendant falls under that same category. Therefore, the appropriate offense level is 12, which corresponds to a sentencing range of 10-16 months.

Furthermore, the PSR inaccurately state that that there is no evidence to suggest that Ms. McKelvin was a minor participant in the criminal activity. (PSR, 27:77). Ms. Kelvin did not own Classy, she did not open bank accounts used by Classy, she did not advertise on behalf of Classy, and nor she did act as a manager or supervisor in the course of the conspiracy. In fact, Ms. McKelvin temporarily filled in for Opuiyo, when Opuiyo was not available to answer phones and book appointments.

Furthermore, Ms. Kelvin's role in the conspiracy is limited to behavior documented on December 20, 2011 through December 22, 2011, eventhough the conspiracy dates back to September of 2009. Therefore, considering the span of the conspiracy, 3 years, in addition to the amount alleged, four million dollars, and Ms. McKelvin's involvement, the evidence suggests that Ms. McKelvin was a minor participant, and therefore, mitigating adjustments must be applied.

## II. FACTORS TO BE CONSIDERED DURING IMPOSITION OF A SENTENCE

In *United States v. Booker,* the Supreme Court ruled that judges shall take a range of seven factors in account during the imposition of a sentence. *Booker*, 543 U.S. 220 (2005). The recommended Federal Sentencing Guidelines is one of the seven factors. *Id*. Therefore, under *Booker*, the Court in this case must consider the following: (1) The

nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence imposed; (3) The kinds of sentences available; (4) The kinds of sentence and the sentencing range established for; (5) any pertinent policy statement; (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) The need to provide restitution to any victims of the offense." *Booker*, 543 U.S. at 259-60 (2005). Upon application of each factor, the Court may deviate from the sentencing guidelines if the guidelines fail to address the concerns outlined in 18 U.S.C. § 3553(a) or if the "case warrants a different sentence regardless." *U.S. v. Rita*, 551 U.S. 338, 351 (2007).

    a. **The nature and circumstances of the offense and the history and characteristics of the defendant.**

Ms. McKelvin was born on May 28, 1980 in Alexandria, Virginia, to the marital union of Gilbert McKelvin and Angela McKelvin. She was raised with her parents in Alexandria. She had a good childhood and hardworking parents. Ms. McKelvin's parents now reside in Henderson, Nevada, and both of them are currently employed.

Ms. McKelvin was sexually abused by a neighbor at the age of nine, and the abuse continued for two years. She did not officially report the abuse to anyone, and repressed the memories. However, in 2004 memories of the sexual abuse came back and led to depression and anxiety.

Ms. McKelvin has also maintained employment. She has been working as a personal trainer and an aerobics instructor at Gold Gym for the last four years. She has also been employed by the Energy Club as an aerobics instructor for the last three years.

Ms. McKelvin is a certified Aerobics and Fitness instructor, and is continuing her education in field of Fitness.

The instant offense occurred on or about December 20, 2011, thorough December 22, 2011, when Ms. McKelvin answered phone calls and booked appointments for Classy. Since then, Ms. McKelvin has taken full responsibility for the instant offense, and has expressed her remorse for her involvement. Ms. McKelvin has also agreed to cooperate and has accepted full responsibility.

### b. **The need for the sentence imposed.**

Ms. McKelvin admits that a sentence must be imposed. She understands that she made a mistake and has accepted responsibility.

### c. **The kinds of sentences available.**

The Court has the discretion to impose any sentence under the statutory provisions for Count 2, including probation. However, Restitution and Denial of Federal Benefits are not applicable in this case.

### d. **The kinds of sentence and the sentencing range established.**

Pursuant to the sentencing guidelines, Ms. McKelvin's appropriate total offense level is 12, which corresponds to a sentencing range of 10-16 months. However, the evidence suggests that Ms. McKelvin was a minor participant; therefore, mitigating adjustments should reflect a sentence below the guidelines.

### e. **Any pertinent policy statement.**

Not applicable.

### f. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

The PSR states that co-defendant, Jennifer Churchill, ("Ms. Churchill") pled to

Fraudulent Removal of Copyright Notice, and received a $500 fine. Ms. Churchill edited digital photographs of prostitutes for a fee.  Ms. McKelvin substituted for Opuiyo by answering phones and booking appointments when Opuiyo was not available. Ms. Church and Ms. McKelvin are minor participants of the conspiracy; therefore, disparities of sentences between the co-defendants must be avoided.  Ms. McKelvin's sentencing guidelines call for an actual jail time, whereas Ms. Church only received a $500 fine. Therefore, a sentence below the sentencing guidelines should be applied to avoid disparities between these two co-defendants.

      **g.  The need to provide restitution to any victims of the offense.**

According to the PSR, restitution has not been determined, because it is not being sought by any of the victims at this moment.

## CONCLUSION

Ms. McKelvin should not receive a five-point enhancement under § 2G1.1(d)(1). It is not appropriate to apply a five-point enhancement for victims when the defendant falls under that same category.  Therefore, the total offense level is 12, which corresponds to a Sentencing Guideline Range of 10-16 months.  Furthermore, a sentence below the Sentencing Guidelines Range of 10-16 should be imposed, because Ms. McKelvin was a minor participant in the conspiracy, and therefore, mitigating adjustments are warranted. In addition, sentencing disparities between co-defendants must be avoided. For these foregoing reasons, Ms. McKelvin respectfully requests that this Court sentence her below the sentencing guidelines.

Respectfully submitted,

By: \_\_\_\_\_/s/_____
JOHN A. BONETA, ESQ.
Virginia State Bar No. 36912
Attorney for Defendant
258 N. Washington Street
Falls Church, VA 22046
Phone: 703-536-6166
Fax: 703-536-3296
jab@jboneta.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

By: \_\_\_\_\_/s/_____
JOHN A. BONETA, ESQ.
Virginia State Bar No. 36912
Attorney for Defendant
258 N. Washington Street
Falls Church, VA 22046
Phone: 703-536-6166
Fax: 703-536-3296
jab@jboneta.com